IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DIANE E. MATHER, INDIVIDUALLY AND AS TRUSTEE OF THE HANA2008 LIVING TRUST, MATHER REAL ESTATE, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>TERRITORIAL SAVINGS BANK, a federal savings bank; FIRST HAWAIIAN BANK, a regional commercial bank; DOES 1-50 INCLUSIVE,<br><br>    Defendants. | CIVIL NO. 14-00082 DKW-RLP<br><br>**ORDER GRANTING DEFENDANT FIRST HAWAIIAN BANK'S MOTION TO DISMISS AND DENYING PLAINTIFF MATHER'S MOTION TO AMEND** |

**ORDER GRANTING DEFENDANT FIRST HAWAIIAN BANK'S MOTION TO DISMISS AND DENYING PLAINTIFF MATHER'S MOTION TO AMEND**

At the May 23, 2014 hearing, the Court informed Mather that her complaint would be dismissed unless she could address why the statute of limitations did not bar her claims under TILA and RESPA. Because Mather's supplemental briefing and proposed amended complaint have not adequately shown why these claims are not time-barred, the Court dismisses the federal claims and declines to exercise supplemental jurisdiction over the remaining state claims.

Accordingly, the Court dismisses Mather's complaint. Additionally, Mather's motion for leave to amend the complaint is denied.

## BACKGROUND

The parties have an extensive litigation history that need not be recounted in depth here. Relevant here, Territorial Savings Bank ("TSB") made a loan to Mather on September 23, 2009 in exchange for a mortgage on the property at 1348 Wanaka Street, Honolulu, Hawaii. First Hawaiian Bank ("FHB") made a loan to Mather Real Estate, LLC ("MRE") on February 28, 2010 in exchange for a second mortgage on the same property.

Both TSB and FHB initiated foreclosure actions in early 2014, and final judgment was entered in those actions against Mather. Additionally, at least as to TSB's action, judicial foreclosure of the sale of the property closed on April 28, 2014.

Mather's complaint purportedly asserts federal subject matter jurisdiction based on her claims against Defendants under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). The complaint also asserts ten other state law claims.

At the hearing on FHB's motion to dismiss (and TSB's joinder to that motion) on May 23, 2014, this Court indicated to Mather that her TILA and RESPA claims were, based on the complaint, barred by the applicable statute of

limitations for each statute.  Consequently, the Court was inclined to grant FHB's motion, dismissing the federal claims and declining to exercise supplemental jurisdiction over the remaining state law claims.  However, given Mather's status as a pro se litigant, the Court directed Mather to file a supplemental brief, attaching a proposed amended complaint and explaining why the limitations period did not bar her federal claims.  *See* Dkt. No. 29.

## STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Mather's TILA and RESPA claims are time-barred and are therefore dismissed. The Court declines to exercise supplemental jurisdiction over Mather's remaining claims, which are all state-law based.  Finally, Mather's motion to

amend the complaint is denied. Each of these conclusions is discussed in turn below.

## I. TILA Claim

The complaint alleges that:

> Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders. It also requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix.

Complaint ¶ 137. As a remedy for the alleged TILA violations, Mather seeks both damages and rescission. Complaint ¶¶139–42.

Damages (both statutory and actual damages) are recoverable under TILA for violations of its disclosure requirements. 15 U.S.C. § 1640(a). However, section 1640(e) imposes a 1-year statute of limitations on claims for damages. That 1-year period typically "runs from the date of consummation of the transaction . . . ." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). Further, the 1-year period applies to both actual and statutory damages. *See Vietor v. Commonwealth Land Title*, 2010 WL 545856, at *3 (N.D. Cal. Feb. 11, 2010); *In re Wentz*, 393 B.R. 545, 553 (S.D. Ohio 2008).

A borrower may also seek to rescind a transaction, but the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f).

Mather did not initiate this action until approximately four years after the consummation of the transactions in question. The TSB note and mortgage were executed on September 23, 2009, while the FHB note and mortgage were executed on February 28, 2010. Mather initiated this action on February 18, 2014, approximately four years after the consummation of the transactions with TSB and FHB. Thus, Mather initiated this action 3 years after the statute of limitations for damages had run and 1 year after the statute of limitations for rescission had run. Mather seeks to escape the application of the limitations periods by pleading equitable tolling: "[a]ny and all statute[s] of limitations relating to disclosures and notices required pursuant to [TILA] were tolled due to Defendants' failure to effectively provide required disclosures and notices." Complaint ¶ 138 (second set of brackets in original).

As a threshold matter, Mather's rescission claim is not subject to equitable tolling and must be consequently dismissed. The 3-year statute of limitations on TILA rescission claims "represents an 'absolute limitation on rescission actions' which bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose,

depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (quoting *King*, 784 F.2d at 913). In short, "the three-year period is not subject to equitable tolling." *Marzan v. Bank of Am.*, 779 F. Supp. 2d 1140, 1150 (D. Haw. 2011). Mather's TILA rescission claim is therefore time-barred and is dismissed.

While equitable tolling *is* available for TILA damages claims, Mather has failed to provide any basis in her original or supplemental briefing for applying the doctrine in the circumstances of this case:

> the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule, the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King*, 784 F.2d at 915. Mather contends that Defendants' "failure to effectively provide required disclosures and notices" should equitably toll her TILA damages claim. Complaint ¶ 138. "This allegation is insufficient to satisfy equitable tolling, however, because even if true, it established no more than the TILA violation itself." *Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *3 (D. Haw. Nov. 24, 2010); *see Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895,

6

906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA, . . . and the statutes of limitations would be meaningless.").

Although the Court provided Mather with a further opportunity to establish a basis for equitable tolling and save her TILA damages claim, her supplemental briefing only specified TSB and FHB's alleged failure to respond to Mather's written requests on October 15, 2012 as an event to warrant equitable tolling. Mather's Supp. Brief at 7 ¶16 ("TSB and FHB did not respond to Mather's request for the name of the owner and holder of Mather's note and the securitization and mortgage disclosure information, transfer and assignments . . . ."). Although Mather now couches this failure as fraudulent concealment, she is still pointing to TSB and FHB's failure to disclose as both a basis for her TILA claim and for equitable tolling, which, as noted above, Mather may not do. Instead, "[e]quitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or

7

tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006). No such allegations exist here.[1] The TILA damages claim is consequently also time-barred and is hereby dismissed.

## II. RESPA Claim

Mather's RESPA claim is time-barred for similar reasons. The complaint alleges that TSB and FHB violated RESPA through their "failure to disclose that they will gain a financial benefit while Plaintiffs suffer financially as a result of the loan product sold to Plaintiffs." Complaint ¶ 146. In her supplemental briefing and proposed amended complaint, Mather now clarifies that she is alleging a violation of 12 U.S.C. § 2605. Alleged violations of § 2605 are subject to a 3-year statute of limitations. 12 U.S.C. § 2614. However, Mather failed to bring her RESPA claim within that limitations period because, as noted above in the discussion of TILA claims, the transaction was consummated approximately four years before Mather file her complaint in this action.

Similar to her TILA claims, Mather asserts that her RESPA claims should be equitably tolled. "RESPA claims are presumptively amenable to equitable tolling." *Merritt v. Countrywide Financial Corp.*, --- F.3d ---, 2014 WL

---

[1] Moreover, even if TSB and FHB's alleged failure to respond to the October 2012 request was somehow an act supporting equitable tolling, it is still an event outside of the 1-year period for the statute of limitations on the TILA damages claims.

8

3451299 at *13 (9th Cir. 2014). However, both the complaint and Mather's supplemental briefing do not rely on anything other than Defendants' failure to disclose as a basis for equitable tolling. Identical to Mather's TILA claims, the factual allegations supporting the RESPA violation itself cannot also be the basis for equitable tolling. *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010). Despite giving Mather one more opportunity to specifically provide a factual basis for equitable tolling of the RESPA claim, her supplemental brief fails to do so. Consequently, the RESPA claim is also time-barred and is hereby dismissed.

### III. State Law Claims

Having dismissed the only federal claims to support federal subject matter jurisdiction, this court may decline to exercise supplemental jurisdiction over the remaining state law claims in the complaint. 28 U.S.C. § 1367(c). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

(1966). The Supreme Court has clarified that this does not require mandatory dismissal when federal claims are dismissed, but "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

The Court concludes here that the factors of judicial economy, convenience, fairness, and comity balance in favor of declining supplemental jurisdiction over Mather's remaining state claims. Accordingly, those claims are also dismissed.

**IV.　Mather's Motion to Amend**

Finally, contemporaneous to the filing of her supplemental briefing, Mather also filed a motion to amend her complaint.[2] The Court has carefully considered this request, particularly in light of the fact that Mather is pro se. *See* Fed. R. Civ. P. 15(a). Having done so, however, the Court concludes that granting further leave to amend would be futile.

---

[2] Mather attached her proposed amended complaint as part of her supplemental brief to the motion to dismiss, as instructed by the Court. That instruction was given to eliminate the need for Mather to file a separate motion to amend. However, because Mather also filed a separate motion to amend anyway, the Court will analyze that motion here as well.

"[L]eave to amend 'should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.'" *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)). Particularly applicable here, "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Mather's proposed first amended complaint ("FAC") again asserts federal subject matter jurisdiction based on TILA and RESPA claims, but also asserts, along with several state law claims, new federal claims under the Federal Debt Collections Practices Act ("FDCPA"), a civil Racketeer Influenced and Corrupt Organizations ("RICO") claim under 18 U.S.C. § 1962, and a due process claim under both the U.S. and Hawaiʻi state constitutions. For the reasons discussed above, the TILA and RESPA claims are time-barred, and Mather's proposed amendments to those claims will not remedy that flaw.

Amendment would also be futile because Mather's proposed FDCPA, RICO, and due process claims would be barred by the *Rooker-Feldman* doctrine. Mather is effectively seeking this Court's review of the state court foreclosure action. However, this Court may not exercise appellate jurisdiction over state court decisions.

Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.

Here, Mather's proposed FDCPA and RICO claims directly challenge the state foreclosure action, and request that this Court review the events surrounding the entry of final judgment in that action. The Court would be without jurisdiction to act upon such a request because it is squarely in violation of *Rooker-Feldman*. Accordingly, allowing those proposed claims would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (holding that a

district court "does not abuse its discretion in denying leave to amend where amendment would be futile").

Mather's due process claim also violates *Rooker-Feldman*. The Court recognizes that *Rooker-Feldman* does not apply to a constitutional challenge that does not require review of a final state court decision. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). Mather's due process claim, however, is not such a case. Under the *Rooker–Feldman* doctrine, a federal district court's jurisdiction to hear a particular constitutional challenge depends on whether the constitutional claim is "inextricably intertwined" with the state court's ruling in a state court action. *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 222 (9th Cir. 1994) (quoting *Feldman*, 460 U.S. at 483–84 n.16). Here, Mather's due process challenge to the garnishing of her bank accounts is in fact a direct challenge to the state court's garnishee summons and order that was issued in conjunction with the judgment in the same state foreclosure action discussed above. It is therefore inextricably intertwined with the state foreclosure action and judgment.

Accordingly, there are no federal claims in the proposed FAC that would provide a basis for this court's subject matter jurisdiction. Amendment would thus be futile and Mather's motion to amend is denied.

## CONCLUSION

The Court hereby grants FHB's motion to dismiss and TSB's joinder to that motion. The TILA and RESPA claims are dismissed, and the Court declines to exercise supplemental jurisdiction over any of the remaining state law claims and dismisses those claims as well. The Court denies Mather's motion to amend. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: July 30, 2014 at Honolulu, Hawai'i.

/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

Diane E. Mather v. Territorial Savings Bank, et al.; CV 14-00082 DKW/RLP; ORDER GRANTING DEFENDANT FIRST HAWAIIAN BANK'S MOTION TO DISMISS AND DENYING PLAINTIFF MATHER'S MOTION TO AMEND