IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DIANE E. MATHER, INDIVIDUALLY AND AS TRUSTEE OF THE HANA2008 LIVING TRUST, MATHER REAL ESTATE, LLC,<br><br>        Plaintiff,<br><br>    vs.<br><br>TERRITORIAL SAVINGS BANK, a federal savings bank; FIRST HAWAIIAN BANK, a regional commercial bank; DOES 1-50 INCLUSIVE,<br><br>        Defendants. | CIVIL NO. 14-00082 DKW-RLP<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION** |

## <u>ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION</u>

On July 31, 2014, the Court dismissed Mather's complaint and denied her

request for leave to amend.  Now, over three months after the entry of that order

and judgment, Mather moves the Court to vacate the order as void under Fed. R.

Civ. P. 60(b)(4).  Because Mather has provided no basis to do so, the motion is

denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides an "exception to

finality," that "allows a party to seek relief from a final judgment . . . under a

limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). Specifically, Rule 60(b)(4)—the provision under which Mather brings the instant motion—authorizes the Court to relieve a party from a final judgment if "the judgment is void."

"A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). The list of such qualifying infirmities is "exceedingly short." *Id.* "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999); *accord Espinosa*, 559 U.S. at 271. "A judgment is not void, for example, simply because it is or may have been erroneous. Similarly, a motion under Rule 60(b)(4) is not a substitute for a timely appeal." *Espinosa*, 559 U.S. at 270 (internal quotation marks and citations omitted). "Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court." *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994).

Mather demonstrates no reason for the Court to grant her post-judgment relief under Rule 60(b) or any other rule. She argues that this Court misinterpreted

the law related to the application of the *Rooker-Feldman* doctrine to Mather's

proposed amended complaint, which she was denied leave to file. An argument

over the application of law could have been an argument on appeal of the Court's

order and judgment, but it is not a basis to void a judgment under Rule 60(b)(4).

*Espinosa*, 559 U.S. at 270.

Even if Mather's arguments could qualify as the type necessary to provide a

basis for post-judgment relief, the Court is not persuaded. Mather argues that relief

is warranted because the *Rooker–Feldman* doctrine has been abolished. That is

simply not the case. Indeed, Mather's complaint is *precisely* the type of case to

which the Supreme Court has held the doctrine applies. In the case cited by

Mather, the Supreme Court stated that the *Rooker–Feldman* doctrine is confined to

"cases brought by state-court losers complaining of injuries caused by state-court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Exxon Mobil Corp. v.

Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). No matter how frequently or

vigorously she argues otherwise, this is such a case. Mather's proposed amended

complaint consisted of claims that directly challenged the final judgment issued in

the state-court proceedings and were therefore barred by the *Rooker–Feldman*

doctrine. Mather could have appealed the Court's order and judgment but

apparently chose not to do so.

## **CONCLUSION**

Mather's Rule 60(b)(4) motion is hereby denied.

IT IS SO ORDERED.

DATED:  November 20, 2014 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

Diane E. Mather v. Territorial Savings Bank, et al.; CV 14-00082 DKW/RLP;
ORDER DENYING PLAINTIFF'S RULE 60(b)(4) MOTION